CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 1 8 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DENNIS M. KESLER,<br>　　Plaintiff, | )<br>)　Civil Action No. 7:08cv00016<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| HAYS, et al.,<br>　　Defendants. | )　By: Samuel G. Wilson<br>)　United States District Judge |

Plaintiff Dennis M. Kesler, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. Kesler seeks injunctive relief in the form of "appropriate medications and/or med[ical] treatment" or to be transferred. The court finds that Kesler's claim regarding a change in his medication fails to state a claim upon which the court may grant relief. The court also finds that his claim regarding the discontinuance of his medication is unexhausted, and therefore, dismisses that claim pursuant to 42 U.S.C. § 1997e(a).

**I.**

Kesler alleges that he has degenerative discs in his back and had surgery on his back in 2000. On July 7, 2007, Kesler claims that he was sent to Powhatan Receiving Center ("Powhatan") and started receiving treatment for his back immediately. He states that he was put on Vicodin[1] after various other medications were tried and failed. Eventually, the doctor at Powhatan increased his dosage of Vicodin to three times per day. Thereafter, the doctor at Powhatan determined that because Kesler has hepatitis C, the acetaminophen in the Vicodin could damage his liver and,

---

[1] Vicodin is a narcotic pain reliever used to relieve moderate to severe pain. See Vicodin, http://www.drugs.com/vicodin.html (last visited January 17, 2008).

therefore, changed Kesler's medication to MS Contin,[2] which Kesler claims is a medication approved by the Virginia Department of Corrections. On November 7, 2007, Kesler was transferred to Coffeewood Correctional Center ("Coffeewood"). When he arrived at Coffeewood, he claims that he had a 15-day supply of MS Contin with him. However, the medical department at Coffeewood informed him that after his supply ran out, he would no longer be given MS Contin. Kesler concedes that the medical department offered him alternative medications instead; however, he claims that he explained to the medical department that he had already tried those medications and they did not work. Thereafter, Kesler was placed on Vicodin, three times per day. Kesler argues that the medical staff examined his medical chart and noted that he had hepatitis C, but nevertheless placed him on the Vicodin regimen, which he argues is damaging his liver. Kesler states that in the two months since he has been at Coffeewood, the institution has had three different doctors and he has seen all three of them. He states that he grieved the change of his medication from MS Contin to Vicodin and provides copies of various grievances forms on the issue. Finally, at a doctor appointment on December 26, 2007, Kesler states that he was informed that the could be weaned of Vicodin over the next three weeks. Kesler filed this complaint on December 31, 2007.

## II.

To the extent Kesler complains that the defendants changed his medication from MS Contin to Vicodin, it fails. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate

---

[2] MS Contin, more commonly known as morphine, is a narcotic pain reliever used to relieve moderate to severe pain. See http://www.drugs.com/mtm/ms-contin.html (Last visited January 17, 2008).

indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Kesler admits that three different doctors at Coffeewood have seen him on multiple occasions and he concedes that they reviewed his medical chart and noted that he had hepatitis C before placing him on Vicodin . Accordingly, though Kesler may desire different medication, the court finds his claim amounts to a patient-doctor disagreement regarding proper course of treatment, which is not actionable under the Eighth Amendment. Accordingly, the court finds that Kesler's allegations concerning his change in medication, fail to state a constitutional claim.[3]

### III.

To the extent that Kesler complains that he is being weaned off of his Vicodin regimen, it also fails. The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of

---

[3] Furthermore, a medical treatment claim cannot be brought against a supervisory official absent an allegation that the official was personally connected with the denial of medical treatment. Vinnledge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Kesler makes no such allegation regarding defendant Warden R.C. Mathena, and therefore, the court finds that Kesler has not alleged a claim of constitutional magnitude against defendant Mathena. Finally, in order to state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As the Medical Department is not a "person" subject to suit under 42 U.S.C. § 1983, Kesler also cannot maintain his action against this defendant. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

3

Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). Although Kesler provides the court with several grievance forms that he has filed, none of these grievances pertain to his complaint of being weaned off of Vicodin. Morever, he was informed that he would be weaned off the medication on Wednesday, December 26, 2007, and he filed this complaint on Monday, December 31, 2007. Clearly, Kesler did not have enough time to fully exhaust his available administrative remedies within that short time period before he filed this complaint. Accordingly, the court will dismiss this claim for failure to exhaust pursuant to 42 U.S.C. § 1997e(a).

## IV.

For the reasons stated herein, the court dismisses Kesler's claim regarding a change in his medication for failure to state a claim and his claim regarding the discontinuance of his medication for failure to exhaust.

ENTER: This 18th day of January, 2008.

United States District Judge